UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ARMANDE MILHOUSE,<br>　　　　Defendant. | Case No. 18-cr-00127-PJH<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 4 |

　　　　Before the court is the motion of defendant Armande Milhouse for early termination of supervised release pursuant to 18 U.S.C. § 3583(e).  The government has filed an opposition to the motion.  Milhouse's motion for early termination of supervised release is DENIED for the reasons set forth below.

　　　　On September 9, 2011, Milhouse pled guilty to one count of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana.  See Case No. 1:09-cr-00125 (N.D.N.Y).  On November 8, 2012, the court sentenced Milhouse to 84 months in custody, to be followed by six years of supervised release.  Milhouse's term of supervised release began on January 19, 2018, and on March 24, 2021, Milhouse filed the present motion for early termination of supervised release.

　　　　Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  See United States v. Gross, 307 F.3d 1043, 1044 (9th Cir. 2002).  After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice." 18 U.S.C. § 3583(e)(1).  See United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).

Having considered the relevant § 3553(a) factors, and finding no circumstances, such as exceptionally good behavior during supervision, that would render the term of supervision either too harsh or inappropriately tailored to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, the court determines that early termination of supervised release is not warranted by Milhouse's conduct and the interest of justice.  See United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014).  In particular, the court notes that nearly half of Milhouse's six-year term of supervised release remains to be served.

Milhouse's record of compliance with the conditions of his supervised release, though commendable, is expected from a person on supervision and does not constitute exceptional behavior that would warrant early termination.  Other judges in this district have similarly held that compliance with the terms of supervised release do not constitute the type of changed circumstances or exceptionally good behavior warranting early termination as contemplated by Lussier and its progeny.  United States v. Bauer, CR 09-980 EJD, 2012 WL 1259251 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); United States v. Grossi, CR 04-40127 DLJ, 2011 WL 704364 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

Accordingly, Milhouse's motion for early termination of supervised release (Dkt. 4) is DENIED.

**IT IS SO ORDERED.**

Dated:  April 8, 2021

                                          /s/ *Phyllis J. Hamilton*
                                    PHYLLIS J. HAMILTON
                                    United States District Judge